David P. King (SBN 136765)
Email: dpk@kcmlaw.net
Sheng Jin (SBN 229540)
Email: sheng@kcmlaw.net
Gregory N. Albright (SBN 145547)
Email: galbright@kcmlaw.net
KING CHENG MILLER & JIN LLP
3675 E. Huntington Dr., Suite 200
Pasadena, California 91107
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs WM International, Inc.,
Guangdong Cereals & Oils Jinshun Trading Co., Ltd. and
Shaoguan Risen Trading Corporation Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WM INTERNATIONAL, INC., a New York corporation; GUANGDONG CEREALS & OILS JINSHUN TRADING CORPORATION, LTD., a People's Republic of China corporation; and SHAOGUAN RISEN TRADING CORPORATION LTD., a People's Republic of China corporation,<br><br>        Plaintiffs,<br><br>    vs.<br><br>W.Y. INTERNATIONAL, INC., a California corporation; and Does 1 through 10, inclusive,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>**(1) FEDERAL TRADEMARK INFRINGEMENT;**<br>**(2) COUNTERFEITING;**<br>**(3) UNLAWFUL IMPORTATION;**<br>**(4) TRADE DRESS INFRINGEMENT;**<br>**(5) FALSE DESIGNATION OF ORIGIN;**<br>**(6) STATUTORY UNFAIR COMPETITION [CAL. BUS. & PROF. CODE § 17200 *et seq.*];**<br>**(7) COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT; and**<br>**(8) INTERFERENCE WITH CONTRACTUAL RELATIONS.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs WM International, Inc., Guangdong Cereals & Oils Jinshun Trading Corporation, Ltd. and Shaoguan Risen Trading Corporation Ltd., for their Complaint against Defendant W.Y. International, Inc., and DOES 1 through 10 (collectively "Defendants") allege on knowledge as to themselves and their own acts and on information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1.    This is an action for violation of the trademark, trade dress, counterfeiting, and unfair competition laws of the United States, under 15 U.S.C. §§ 1114, 1116(d), 1117(a)-(c), 1124, and 1125(a); violation of California's unfair competition laws, under California Business & Professions Code § 17200 *et seq.*, and the common law; and intentional interference with contractual relations.

2.    This Court has subject matter jurisdiction of Plaintiffs' claims pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331 and 1338.  The Court has pendent and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

3.    Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants can be found in this District.

## PARTIES

4.    Plaintiff WM International, Inc. ("WMI") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Brooklyn, New York.

5.    Plaintiff Guangdong Cereals & Oils Jinshun Trading Corporation Ltd. ("GJT") is a corporation organized and existing under the laws of People's Republic of China, with its principal place of business in Guangzhou, China.

6.    Plaintiff Shaoguan Risen Trading Corporation Ltd. ("SRT") is a corporation

organized and existing under the laws of the People's Republic of China, with its principal place of business in Shaoguan, Guangdong, China.

7.    WMI, GJT and SRT are herein referred to collectively as "Plaintiffs."

8.    Plaintiffs are informed and believes, and on that basis aver, that Defendant W.Y. International, Inc. ("W.Y.") is a California corporation with its principal place of business at 2000 S. Garfield Ave., Los Angeles, California.

9.    Plaintiffs do not know the true names and capacities, whether individual, corporate, associate or otherwise, of the defendants named herein as DOES 1 through 10, inclusive.    Plaintiffs therefore sue them by use of fictitious names.    Plaintiffs are informed and believe that DOE Defendants 1 through 10 are affiliated in some manner with W.Y. and have direct, contributory or vicarious responsibility for the wrongful acts as alleged herein.    Plaintiffs will amend this Complaint appropriately once the true names and capacities of DOE Defendants 1 through 10 are learned.    As used below, the term "Defendants" shall collectively refer to the named defendants W.Y. International, Inc. together with the defendants identified as DOES 1 through 10.

10.    On information and belief, at all times herein mentioned, each of the Defendants was the agent of each of the remaining Defendants and, in doing the things alleged herein, was acting with the scope of such agency.    On information and belief, the conduct of each of the Defendants as alleged herein was directed, controlled, or ratified by each of the other Defendants, who participated in or were the moving, active or conscious force behind the violations, and the benefits thereof were accepted by each of the other Defendants.

11.    On information and belief, each of the Defendants induced the other Defendants to infringe upon Plaintiffs' rights, participated in or enabled the other Defendants to engage in the unlawful conduct herein alleged, or supervised that conduct, with knowledge that the conduct of other Defendants would infringe upon Plaintiffs' rights and constitute unfair competition and false and deceptive actions.    Therefore, each of the Defendants is jointly and severally liable as a contributory or vicarious infringer of

Plaintiffs' rights.

### GJT'S AND SRT'S VALUABLE TRADEMARKS AND TRADE DRESS, AND THE NATURE OF PLAINTIFFS' BUSINESS

12.    Plaintiff GJT manufactures and exports from China to the United States top quality products including rice, rice sticks, and rice vermicelli (sometimes hereafter "rice noodle product").  GJT's rice noodle products have been widely and favorably received by its United States customers, as shown by its strong sales.  Among other products, GJT manufactures and exports to the United States its SAILING BOAT BRAND® Rick Stick (Pasta) Chao Ching.

13.    Plaintiff SRT manufactures and exports from China to the United States top quality rice noodle products.  SRT's GJT's products have been widely and favorably received by its United States customers, as shown by its strong sales.  Among other products, SRT manufactures and exports to the United States its DOUBLE SWALLOW BRAND® Kong Moon Rice Stick Vermicelli.

14.    ***The SAILING BOAT BRAND Marks***.  GJT has adopted and uses in interstate commerce the SAILING BOAT BRAND Marks described below in Paragraphs 15-27.

15.    GJT is the owner by assignment of U.S. Trademark Registration No. 1,564,897 ("Reg. No. '897") for the SAILING BOAT BRAND Word and Design Mark shown below for rice, rice stick, and rice vermicelli.



16.    A copy of the certificate of registration of Reg No. '897 on the principal

register of the U.S. Patent and Trademark Office is attached hereto as **Exhibit A**. A copy of the Trademark Assignment Abstract of Title for Reg. No. '897 is attached hereto as **Exhibit B.**

17. The validity of the registered SAILING BOAT BRAND Word and Design Mark, the validity of Reg. No. '897, GJT's ownership of the mark, and GJT's exclusive right to use the registered mark in commerce for the above mentioned goods are incontestable under 15 U.S.C. §§ 1065 and 1115(b), as the required affidavit has been filed with the U.S. Patent and Trademark Office.

18. The SAILING BOAT BRAND Word and Design Mark that is the subject of Reg. No. '897 has a first use date of April 1, 1979.

19. GJT is the also the owner by assignment of U.S. Trademark Registration No. 2,156,291 ("Reg. No. '291") for the SAILING BOAT BRAND Word and Design Mark shown below for rice, rice sticks, rice flour, glutinous rice flour, noodles, rice vermicelli, and instant noodles.



20. A copy of the certificate of registration of Reg No. '291 on the principal register of the U.S. Patent and Trademark Office is attached hereto as **Exhibit C.** A copy of the Trademark Assignment Abstract of Title for Reg. No. '291 is attached hereto as **Exhibit D.**

21. The validity of the registered SAILING BOAT BRAND Word and Design Mark, the validity of Reg. No. '291, GJT's ownership of the mark, and GJT's exclusive right to use the registered mark in commerce for the above mentioned goods are incontestable under 15 U.S.C. §§ 1065 and 1115(b), as the required affidavit has been

filed with the U.S. Patent and Trademark Office.

22.    The SAILING BOAT BRAND Word and Design Mark that is the subject of Reg. No. '291 has a first use date of November 1, 1989.

23.    GJT is also the owner of all rights, title and interest in and to the word mark "SAILING BOAT BRAND" (the "Sailing Boat Word Mark").

24.    GJT is also the owner of all rights, title and interest in and to the sailing boat drawings depicted in Reg. Nos. '897 and '291 (the "Sailing Boat Logo").

25.    GJT's federally registered SAILING BOAT BRAND Word and Design trademarks, the Sailing Boat Word Mark, and the Sailing Boat Logo are referred to collectively herein as the "SAILING BOAT BRAND Marks."

26.    Continuously since on or about the first use dates alleged above, GJT's predecessors in interest, and GJT since assignment, have used the SAILING BOAT BRAND Marks in interstate commerce to identify the products identified in Paragraphs 15 and 19 above and to distinguish them from those made and sold by others, by prominently displaying the Marks on packaging for the goods.

27.    The SAILING BOAT BRAND Marks have at all times been inherently distinctive and strong marks when used in association with GJT's goods.  Through the continuous and exclusive use of its SAILING BOAT BRAND Marks, sales of high quality goods, careful planning and protection of its image and reputation, exercise of control over authorized distributors, and advertising and promotion, GJT's SAILING BOAT BRAND Marks also have come to be recognized by relevant consumers as exclusively identifying and designating products originating from a single source – GJT. To the extent that use in association with GJT's goods has at any point not been inherently distinctive, GJT's use of the SAILING BOAT BRAND Marks over time caused it, prior to Defendants' infringing acts, to acquire secondary meaning that served to distinguish the Marks in the minds of relevant consumers, as an indicator of the origin or source of products bearing or associated with the Marks.

28.    ***The Five Big Emperor's Brands Mark.***  Plaintiff GJT has adopted, and uses

on and in connection with the sale of rice chips, rice crackers, rice noodles, rice sticks, rice vermicelli, and Chinese rice noodles (bifun, uncooked), the Design trademark shown below (the "Five Big Emperor's Brands Mark"), which consists of four styled Chinese characters at the left of a trophy and four styled Chinese characters at the right side of the trophy; the left side of the four Chinese characters transliterate to "Guangdong Mi Fen," English translation means "Guangdong rice noodles" and the right side of the four Chinese characters transliterate to "WU DA HUANG PAI," the English translation means "the five big emperor's brands."



廣東米粉　五大皇牌

29.    Plaintiff GJT is the owner of U.S. Trademark Registration No. 5,568,931 ("Reg. No. '931") for the Five Big Emperor's Brands Mark for rice chips, rice crackers, rice noodles, rice sticks, rice vermicelli, and Chinese rice noodles (bifun, uncooked).  A copy of the certificate of registration of Reg No. '931 on the principal register of the U.S. Patent and Trademark Office is attached hereto as **Exhibit E**.

30.    Continuously since on or about January 1970, GJT and its predecessor in interest have used the Five Big Emperor's Brands Mark in interstate commerce to identify its rice chips, rice crackers, rice noodles, rice sticks, rice vermicelli, and Chinese rice noodles (bifun, uncooked), and to distinguish them from those made and sold by others, by, among other things, prominently displaying the Five Big Emperor's Brands Mark on packaging for the goods and in advertising.

31.    The Five Big Emperor's Brands Mark has at all times been an inherently distinctive and strong mark when used in association with GJT's goods.  Through the continuous and exclusive use of its Five Big Emperor's Brands Mark, sales of high quality goods, careful planning and protection of its image and reputation, exercise of control over authorized distributors, and advertising and promotion, GJT's Five Big Emperor's Brands Mark also has come to be recognized by relevant consumers as

exclusively identifying and designating products originating from a single source – GJT. To the extent that use in association with GJT's goods has at any point not been inherently distinctive, GJT's use of the Five Big Emperor's Brands Mark over time caused it, prior to Defendants' infringing acts, to acquire secondary meaning that served to distinguish the Mark in the minds of relevant consumers, as an indicator of the origin or source of products bearing or associated with the Mark.

32.    ***The DOUBLE SWALLOW BRAND Marks***.  Plaintiff SRT has adopted and uses in interstate commerce the DOUBLE SWALLOW BRAND Marks described in Paragraphs 33-41 below.

33.    Plaintiff SRT is the owner, by assignment from GJT, of U.S. Trademark Registration No. 1,568,672 ("Reg. No. '672") for the DOUBLE SWALLOW BRAND Word and Design Mark shown below, for rice, rice stick and rice vermicelli.



34.    A copy of the certificate of registration of Reg. No. '672 on the principal register of the U.S. Patent and Trademark Office is attached hereto as **Exhibit F**.  A copy of the Trademark Assignment Abstract of Title for Reg. No. '672 is attached hereto as **Exhibit G**.

35.    The validity of the registered DOUBLE SWALLOW BRAND Word and Design Mark, the validity of Reg. No. '672, SRT's ownership of the mark, and SRT's exclusive right to use the registered mark in commerce for the above mentioned goods are incontestable under 15 U.S.C. §§ 1065 and 1115(b), as the required affidavit has been filed with the U.S. Patent and Trademark Office.

36.    The DOUBLE SWALLOW BRAND Word and Design Mark that is the subject of Reg. No. '672 has a first use date of April 1, 1979.

37.    SRT is also the owner of all rights, title and interest in and to the word mark "DOUBLE SWALLOW BRAND" (the "Double Swallow Brand Word Mark").

38.    SRT is also the owner of all rights, title and interest in and to the double swallow drawing depicted in Reg. No. '672 (the "Double Swallow Logo").

39.    SRT's federally registered DOUBLE SWALLOW BRAND Word and Design Mark, the Double Swallow Brand Word Mark, and the Double Swallow Logo are referred to collectively herein as the "DOUBLE SWALLOW BRAND Marks."

40.    Continuously since on or about the first use dates alleged above, SRT's predecessors in interest, and SRT since assignment, have used the DOUBLE SWALLOW BRAND Marks in interstate commerce to identify the products identified above and to distinguish them from those made and sold by others, by prominently displaying the Marks on packaging for the goods.

41.    The DOUBLE SWALLOW BRAND Marks have at all times been inherently distinctive and strong marks when used in association with SRT's goods. Through the continuous and exclusive use of its DOUBLE SWALLOW BRAND Marks, sales of high quality goods, careful planning and protection of its image and reputation, exercise of control over authorized distributors, and advertising and promotion, SRT's DOUBLE SWALLOW BRAND Marks also have come to be recognized by relevant consumers as exclusively identifying and designating products originating from a single source – SRT.  To the extent that use in association with SRT's goods has at any point not been inherently distinctive, SRT's use of the DOUBLE SWALLOW BRAND Marks over time caused them, prior to Defendants' infringing acts, to acquire secondary meaning that served to distinguish the Marks in the minds of relevant consumers, as an indicator of the origin or source of products bearing or associated with the Marks.

42.    ***Trade Dress.***  Plaintiffs GJT and SRT also use proprietary and distinctive packaging design for their products, as alleged in more detail below.

Complaint

43. ***The CHAO CHING trade dress.***  GJT is the owner of all rights, title and interest in and to the distinctive Sailing Boat Brand CHAO CHING trade dress (the "CHAO CHING Trade Dress."), as depicted in **Exhibit H** attached hereto.  The CHAO CHING Trade Dress includes essentially the following elements, without limitation, which contribute to its overall look and feel:  a package consisting of three separate portions on the front of the package – a top, middle and bottom; the top portion is comprised of a yellow background having a red trophy in a circle thereon that is centered between and separates eight red Chinese characters thereon (four characters on each side), which consists of GJT's Five Big Emperor's Brand Mark; a large middle portion that is transparent as to view the noodles, with a red border at the top of the middle portion; a centered square with a photograph of the Seven Star Crags of Zhaoqing, Guangdong Province, China, in the middle portion, bordered in orange and white, with the centered square resting within a  partial frame that has a wide red band at the bottom, and progressively narrower bands of red against white toward the top; on the top center of the centered square is GJT's SAILING BOAT BRAND Marks; the positioning of English and Chinese text centered throughout the middle portion; and the bottom portion comprised of an yellow background having many equidistant white Sailing Boat Logos in a honeycomb pattern.

44. The unique combination of elements in the CHAO CHING Trade Dress serves to readily distinguish for consumers GJT's noodles from the goods of competitors. GJT enjoys substantial goodwill in the CHAO CHING Trade Dress owing to GJT's lengthy and exclusive use of the CHAO CHING Trade Dress together with the inherently distinctive nature of the CHAO CHING Trade Dress.

45. ***The KONG MOON trade dress.***  SRT is the owner of all rights, title and interest in and to the distinctive Double Swallow Brand Kong Moon Trade Dress (the "KONG MOON Trade Dress"), as depicted in **Exhibit I** attached hereto.  The KONG MOON Trade Dress includes essentially the following elements, without limitation, which contribute to its overall look and feel: a package consisting of three separate

portions on the front of the package – a top, middle and bottom; the top is comprised of a yellow background having a gold trophy thereon that is centered between and separates eight red Chinese characters thereon (four characters on each side); a large middle portion that is transparent as to view the noodles, bordered in gold at the top and bottom; a centered red square background on the large middle portion having a gold stylized border; on the top center of the red square is SRT's DOUBLE SWALLOW BRAND Marks; the positioning of English and Chinese text centered throughout the red square; the bottom comprised of an orange background having many equidistant white Double Swallow Logos in a honeycomb pattern; and a white and red border on the edges of the packaging.

46.    The unique combination of elements in the KONG MOON Trade Dress serves to readily distinguish for consumers SRT's noodles from the goods of competitors. SRT enjoys substantial goodwill in the KONG MOON Trade Dress owing to SRT's lengthy and exclusive use of the KONG MOON Trade Dress together with the inherently distinctive nature of the KONG MOON Trade Dress.

47.    ***The License Agreements with WMI***.  In April 2017, Plaintiff GJT and WMI entered into a written License Agreement through which GJT granted WMI an exclusive license to use the SAILING BOAT BRAND Marks, the Five Big Emperor's Brand Mark, and the CHAO CHING Trade Dress in connection with the sale of certain rice noodle products in the United States.  The GJT-WMI License Agreement also granted WMI the right to commence and maintain lawsuits in the United States to enforce rights in the licensed intellectual property.

48.    In April 2017, Plaintiff SRT and WMI entered into a written License Agreement through which SRT granted WMI an exclusive license to use the DOUBLE SWALLOW BRAND Marks and the KONG MOON trade dress in connection with the sale of certain rice noodle products in the United States.  The SRT-WMI License Agreement also granted WMI the right to commence and maintain lawsuits in the United States to enforce rights in the licensed intellectual property.

**DEFENDANTS' WRONGFUL ACTS**

49. On or about April 13, 2017, WMI gave W.Y. written notice of the exclusive rights that GJT and SRT granted to WMI under the License Agreements alleged above in Paragraphs 47-48 and demanded that W.Y. and its affiliated companies cease and desist from all current and future use of the DOUBLE SWALLOW BRAND Marks and the SAILING BOAT BRAND Marks in connection with rice noodle products. WMI did not receive a response.

50. On or about June 20, 2017, WMI sent W.Y. a second cease-and-desist letter, once again demanding that W.Y. and its affiliated companies cease and desist from all current and future use of the DOUBLE SWALLOW BRAND Marks and the SAILING BOAT BRAND Marks in connection with rice noodle products.

51. In a June 30, 2017 letter from W.Y.'s counsel, W.Y. stated that it was unaware of WMI until receipt of the April 13, 2017 letter described above, and W.Y. had "not ordered any further product under the Double Swallow Brand or the Sailing Boat Brand since receiving" that letter.

52. In or about early 2019, Plaintiffs first discovered that W.Y. did not cease and desist, but instead continued to import, market and sell infringing and counterfeit products – manufactured by companies other than GJT and SRT – using the DOUBLE SWALLOW BRAND Marks and the SAILING BOAT BRAND Marks, as well as the Five Big Emperor's Brand Marks, the CHAO CHING trade dress, and the KONG MOON trade dress. In 2019 Plaintiffs discovered evidence in various United States supermarkets in 2019 of products being offered for sale, without Plaintiffs' consent, in packaging that used the DOUBLE SWALLOW BRAND Marks, the SAILING BOAT BRAND Marks, the Five Big Emperor's Brand Marks, the CHAO CHING trade dress, and/or the KONG MOON trade dress, together with WMI's name and address on the packaging (as distributor), and companies other than GJT or SRT identified as the manufacturers.

53. Plaintiffs are informed and believe, and therefore aver, that Defendants have

marketed and sold, and continue to market and sell, products that infringe upon Plaintiffs' trademarks and trade dress rights alleged herein, and Defendants have imported, marketed and sold products in the United States in connection with counterfeit marks, with packaging depicted in **Exhibits J, K,** and **L** attached hereto and described below:

a.       Ex. J depicts packaging for a rice stick product that infringes upon the SAILING BOAT BRAND Marks, the Five Big Emperor's Brands Marks, and the CHAO CHING Trade Dress;

b.       Ex. K depicts packaging for a rice stick (pasta) product that infringes upon the Five Big Emperor's Brands Marks, and the CHAO CHING Trade Dress; and

c.       Ex. L depicts packaging to a rick stick product that infringes upon the DOUBLE SWALLOW BRAND Marks, the Five Big Emperor's Brands Marks, and the KONG MOON Trade Dress.

54.   On information and belief, in using in commerce marks that are identical, confusingly similar, and/or counterfeits of the SAILING BOAT BRAND Marks, the Five Big Emperor's Brands Mark, and the DOUBLE SWALLOW BRAND Marks, and in using trade dress that is identical or confusingly similar to the CHAO CHING Trade Dress and the KONG MOON Trade Dress, Defendant W.Y. and DOES 1 through 10, have intentionally sought to infringe upon Plaintiffs' trademarks and trade dress, to cause confusion and mistake among consumers, the trade and those who come into post-purchase contact with their goods, as to whether Defendants' goods are connected, affiliated or associated with Plaintiffs, to re-direct confused consumers to products Defendants are selling that are not affiliated with or authorized by Plaintiffs, and to intentionally interfere with WMI's rights under as exclusive United States distributor under the License Agreements with GJT and SRT.

55.   On information and belief, Defendants W.Y. and DOES 1 through 10, encouraged, assisted, and participated in one or more of the infringing acts stated herein, while knowing that such acts would be likely to cause confusion and deception in the

trade among relevant consumers, and interfere with WMI's rights as exclusive distributor.

## **FIRST CLAIM FOR RELIEF**

### **(Infringement of Registered Trademarks under Federal Law;**
### **By WMI and GJT against all Defendants; 15 U.S.C. § 1114)**

56. Plaintiffs WMI and GJT incorporate by reference the averments in paragraphs 1 through 12, 14 through 31, 47, and 49 through 55 above, as if set forth in full herein.

57. Plaintiff GJT is the owner of Reg. No. '897 and Reg. No. '291 for the SAILING BOAT BRAND Word and Design Marks, and Reg. No. '931 for the Five Big Emperor's Brands trademark. WMI is GJT's exclusive licensee for use of these trademarks in the United States, and has the right to prosecute infringement actions.

58. The acts of Defendants alleged herein constitute the willful use in commerce, without the consent of Plaintiffs GJT or WMI, of a reproduction, counterfeit, copy, or colorable imitation of GJT's registered trademarks, in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore willfully infringe upon Plaintiff GJT's rights in its registered trademarks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(a).

59. Defendants' acts have caused, and will continue to cause, damage as well as irreparable harm to GJT and WMI, harm for which GJT and WMI have no adequate remedy at law. For these reasons, GJT and WMI are entitled to preliminary and permanent injunctive relief to prevent further violations of Section 32(1). Without injunctive relief, GJT has no adequate means by which to control the use of its valuable trademarks, or prevent the continuing injury to its reputation and goodwill through unauthorized uses of its trademarks.

60. On information and believe, Defendants undertook the acts alleged herein

with the knowledge and intent that they cause confusion, deception and mistake, or in knowing or reckless disregard of GJT's and WMI's prior rights, repeated cease and desist demands, and the confusion that their acts would likely cause.  This is therefore an exceptional case, and GJT and WMI are entitled to recover Defendants' profits together with GJT's and WMI's damages, trebled, costs of the action, and reasonable attorney's fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### (Use of Counterfeit Marks under Federal Law;

### By WMI and GJT against all Defendants; 15 U.S.C. §§ 1116(d), 1117(b) & (d))

61.   Plaintiffs WMI and GJT j. No. '931 for the Five Big Emperor's Brands Mark for rice chips, rice crackers, rice noodles, rice sticks, rice vermicelli, and Chinese rice noodles (bifun, uncooked).  The Five Big Emperor's Brands Mark is registered on the principal register of the United States Patent and Trademark Office.

62.   Upon information and belief, after Reg. No. '931 issued Defendants intentionally used a counterfeit of the Five Big Emperor's Brands Mark in commerce, knowing that the mark Defendants were using was a spurious designation identical with or substantially indistinguishable from GJT's FIVE BIG EMPEROR'S BRANDS® mark, in connection with the sale, offering for sale, or distribution of the same goods covered by Reg. No. '931.

63.   Defendants' use of the counterfeit marks alleged was likely to confuse or deceive, and was not authorized by GJT.

64.   Defendants' conduct as alleged above constitutes use of counterfeit marks in violation of Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d), which prohibits the use in commerce of a counterfeit of a trademark that is registered on the principal register of the United States Patent and Trademark Office.

65.   GJT and WMI are entitled to damages for all of Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Section 35(b)

of the Lanham Act, 15 U.S.C. § 1117(b). In the alternative, GJT and WMI are entitled to elect, at any time before trial, statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

66.    GJT and WMI have no adequate remedy at law for the foregoing willful, wrongful conduct. GJT and WMI have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## THIRD CLAIM FOR RELIEF

### (Infringement of Registered Trademark under Federal Law;
### By WMI and SRT against all Defendants; 15 U.S.C. §§ 1114)

67.    Plaintiffs WMI and SRT incorporate by reference the averments in paragraphs 1 through 11, 13, 32 through 41, and 48 through 55 above, as if set forth in full herein.

68.    Plaintiff SRT is the owner of Reg. No. '672 for the DOUBLE SWALLOW BRAND Word and Design Mark.

69.    The acts of Defendants alleged herein constitute the willful use in commerce, without the consent of Plaintiffs SRT or WMI, of a reproduction, counterfeit, copy, or colorable imitation of SRT's registered trademark, in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore willfully infringe upon Plaintiff SRT's rights in its registered trademark, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(a).

70.    Defendants' acts have caused, and will continue to cause, damage as well as irreparable harm to SRT and WMI, harm for which SRT and WMI have no adequate remedy at law. For these reasons, SRT and WMI are entitled to preliminary and permanent injunctive relief to prevent further violations of Section 32(1). Without injunctive relief, SRT and WMI have no adequate means by which to control the use of SRT's valuable trademark, or prevent the continuing injury to its reputation and goodwill

through unauthorized uses of its trademark.

71.    On information and believe, Defendants undertook the acts alleged herein with the knowledge and intent that they cause confusion, deception and mistake, or in knowing or reckless disregard of SRT's and WMI's prior rights, repeated cease and desist demands, and the confusion that their acts would likely cause.  This is therefore an exceptional case and SRT and WMI are entitled to recover Defendants' profits together with SRT's and WMI's damages, trebled, costs of the action, and reasonable attorney's fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

### FOURTH CLAIM FOR RELIEF

**(Use of Counterfeit Mark under Federal Law;**

**By WMI and SRT against all Defendants; 15 U.S.C. §§ 1116(d), 1117(b) & (d)**

72.    Plaintiffs WMI and SRT incorporate by reference the averments in paragraphs 1 through 11, 13, 32 through 41, 48 through 55, and 70 through 74 above, as if set forth in full herein.

73.    SRT is the owner of Reg. No. '672 for the DOUBLE SWALLOW BRAND Word and Design Mark for rice, rice stick, and rice vermicelli.    The DOUBLE SWALLOW BRAND Word and Design Mark is registered on the principal register of the United States Patent and Trademark Office.

74.    Upon information and belief, after Reg. No. '672 issued Defendants intentionally used a counterfeit of the SRT's registered DOUBLE SWALLOW BRAND Word and Design Mark in commerce, knowing that the mark Defendants were using was a spurious mark identical with or substantially indistinguishable from the DOUBLE SWALLOW BRAND Word and Design Mark, in connection with the sale, offering for sale, or distribution of the same goods covered by Reg. No. '672.

75.    Defendants' use of the counterfeit marks alleged above was likely to confuse or deceive, and was not authorized by SRT or WMI.

76.    Defendants' conduct as alleged above constitutes willful use of counterfeit

marks in violation of Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d), which prohibits the use in commerce of a counterfeit of a trademark that is registered on the principal register of the United States Patent and Trademark Office.

77.    SRT and WMI are entitled to damages for all of Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b).  In the alternative, SRT and WMI are entitled to elect, at any time before trial, statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

78.    SRT and WMI have no adequate remedy at law for the foregoing wrongful conduct.  SRT and WMI have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## FIFTH CLAIM FOR RELIEF

### (Unlawful Importation under Federal Law;

### By all Plaintiffs against all Defendants; 15 U.S.C. § 1124)

79.    Plaintiffs incorporate by reference the averments in paragraphs 1 through 81 above, as if set forth in full herein.

80.    Defendants' acts alleged herein constitute the importation of merchandise which bears copies or simulations of at least one of GJT's or SRT's federally registered trademarks in willful violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124.

81.    On information and belief, Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

82.    Plaintiffs are entitled to damages for all of Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b).  In the alternative, Plaintiffs are entitled to elect, at any time before trial, statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

83.     Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct.  Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SIXTH CLAIM FOR RELIEF

### (Infringement of Trade Dress under Federal Law

### By WMI and GJT against all Defendants; 15 U.S.C. § 1125(a))

84.     Plaintiff WMI and GJT incorporate by reference the averments in paragraphs 1 through 12, 14 through 31, 42 through 44, 47, and 49 through 55, above, as if set forth in full herein.

85.     The CHAO CHING Trade Dress is not functional.

86.     The CHAO CHING Trade Dress serves a source-identifying function because the CHAO CHING Trade Dress is inherently distinctive or, in the alternative, has acquired secondary meaning.

87.     Plaintiffs are informed and believe and therefore aver that without GJT's or WMI's consent, Defendants have manufactured or have engaged others to manufacture, advertised, offered for sale, distributed and/or sold goods in Infringing Packaging, thereby infringing upon the CHAO CHING Trade Dress.

88.     The labels of Defendants' Infringing Packaging are virtually identical to the packaging labels for GJT's Sailing Boat Brand Rice Stick (pasta) Chao Ching product, and are blatant and obvious imitation of the CHAO CHING Trade Dress on GJT's genuine products.

89.     The CHAO CHING Trade Dress and Defendants' Infringing Packaging create the same general overall impression and have the same "look and feel."

90.     Defendants' actions in using the Infringing Packaging create the impression in commerce that goods sold in the Infringing Packaging are associated or affiliated with, sponsored or controlled by, or emanate from GJT and/or WMI.  Defendants' actions constitute a false designation of origin, false representations, and unfair competition, and

are intentionally designed to deceive and have deceived customers into believing that the goods in the Infringing Packaging are genuine goods of GJT, which are exclusively licensed in the United States for sale by WMI.

91.    As a consequence, Defendants' Infringing Packaging is likely to confuse and deceive and divert customers away from GJT's genuine products to Defendants' infringing products, to the injury of GJT and WMI.

92.    Defendants' conduct alleged above constitutes willful trade dress infringement, false descriptions, false designations, false representations of origin, and false advertising in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

93.    Defendants' acts have caused, and unless enjoined will continue to cause, damage as well as irreparable harm to GJT and WMI, harm for which GJT and WMI have no adequate remedy at law.   For these reasons, GJT and WMI are entitled to preliminary and permanent injunctive relief to prevent further violations of Section 43(a).

94.    GJT and WMI are informed and believes and therefore aver that Defendants acted willfully and with the intention of benefitting from the reputation and goodwill of GJT by imitating the size, coloring, style, layout and design of the CHAO CHING Trade Dress, and with the knowledge and intent that their actions would cause confusion, deception and mistake, or in knowing or reckless disregard of GJT's and WMI's prior rights and the confusion that their acts would likely cause.

## SEVENTH CLAIM FOR RELIEF

### (Infringement of Trade Dress under Federal Law

### By WMI and SRT against all Defendants; 15 U.S.C. § 1125(a))

95.    Plaintiffs WMI and SRT incorporate by reference the averments in paragraphs 1 through 11, 13, 32 through 42, 45 through 46, and 48 through 55, above, as if set forth in full herein.

96.    The KONG MOON Trade Dress is not functional.

97.    The KONG MOON Trade Dress serves a source-identifying function because the KONG MOON Trade Dress is inherently distinctive or, in the alternative, has acquired secondary meaning.

98.    Plaintiffs WMI and SRT are informed and believe and therefore aver that, without license or SRT's or WMI's consent, Defendants have manufactured or have engaged others to manufacture, advertised, offered for sale, distributed and/or sold goods in Infringing Packaging, thereby infringing upon SRT's KONG MOON Trade Dress.

99.    The labels of Defendants' Infringing Packaging are virtually identical to the packaging labels for SRT's Double Swallow Brand Kong Moon Rice Stick (Rice Vermicelli) product, and are blatant and obvious imitation of the KONG MOON Trade Dress on SRT's genuine products.

100.    The KONG MOON Trade Dress and Defendants' Infringing Packaging create the same general overall impression and have the same "look and feel."

101.    Defendants' actions in using the Infringing Packaging create the impression in commerce that goods sold in the Infringing Packaging are associated or affiliated with, sponsored or controlled by, or emanate from SRT or WMI.  Defendants' actions constitute a willful false designation of origin, false representations, and unfair competition, and are intentionally designed to deceive and have deceived customers into believing that the goods in the Infringing Packaging are genuine goods of SRT, , which are exclusively licensed in the United States for sale by WMI.

102.    As a consequence, Defendants' Infringing Packaging is likely to confuse and deceive and divert customers away from SRT's genuine products to Defendants' infringing products, to the injury of SRT and WMI.

103.    Defendants' conduct alleged above constitutes willful trade dress infringement, false descriptions, false designations, false representations of origin, and false advertising in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

104.    Defendants' acts have caused, and unless enjoined will continue to cause,

damage as well as irreparable harm to SRT and WMI, harm for which SRT and WMI have no adequate remedy at law.  For these reasons, SRT and WMI are entitled to preliminary and permanent injunctive relief to prevent further violations of Section 43(a).

105.  SRT and WMI are informed and believe and therefore aver that Defendants acted willfully and with the intention of benefitting from the reputation and goodwill of SRT by imitating the size, coloring, style, layout and design of the CHAO CHING Trade Dress, and with the knowledge and intent that their actions would cause confusion, deception and mistake, or in knowing or reckless disregard of SRT's and WMI's prior rights and the confusion that their acts would likely cause.

## **EIGHTH CLAIM FOR RELIEF**

### **(Unfair Competition under Federal Law;**

### **By all Plaintiffs against all Defendants; 15 U.S.C. § 1125(a))**

106.  Plaintiffs incorporate by reference each of the averments in paragraphs 1 through 108 above as if fully set forth herein.

107.  Defendants have made unauthorized use of the SAILING BOAT BRAND Marks, the DOUBLE SWALLOW BRAND Marks, and the Five Big Emperor's Brand Marks in interstate commerce.  Such acts are likely to cause confusion, deception and mistake amongst relevant consumers and the trade, and willfully violate WMI's rights as exclusive licensee under its License Agreements with GJT and SRT.

108.  Defendants' acts constitute false descriptions, false designations, false representations of origin, and false advertising in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

109.  Defendants' acts have caused, and unless enjoined will continue to cause, damage as well as irreparable harm to Plaintiffs, harm for which Plaintiffs have no adequate remedy at law.  For these reasons, Plaintiffs are entitled to preliminary and permanent injunctive relief to prevent further violations of Section 43(a).

110.  Plaintiffs is informed and believes and therefore avers that Defendants acted

willfully and with the knowledge and intent that their actions would cause confusion, deception and mistake, or in knowing or reckless disregard of Plaintiffs' prior rights and the confusion that their acts would likely cause.

## <u>NINTH CLAIM FOR RELIEF</u>

### (Common Law Trademark Infringement and Unfair Competition; By all Plaintiffs against all Defendants)

111.    Plaintiffs incorporate by reference the averments in paragraph 1 through 113 above as if set forth in full herein.

112.    Defendants have made unauthorized use of the SAILING BOAT BRAND Marks, the DOUBLE SWALLOW BRAND Marks, the Five Big Emperor's Brand Marks, the CHAO CHING Trade Dress, and the KONG MOON Trade Dress in commerce in connection with infringing products in a manner that is likely to cause confusion, deception and mistake amongst relevant consumers and the trade.

113.    Defendants' actions constitute willful trademark infringement, trade dress infringement and unfair competition under California common law.

114.    Defendants' acts have caused, and unless enjoined will continue to cause, damage as well as irreparable harm to Plaintiffs, harm for which Plaintiffs have no adequate remedy at law.  For these reasons, Plaintiffs are entitled to preliminary and permanent injunctive relief to prevent further violations of the common law.

115.    Plaintiffs is informed and believes and therefore avers that Defendants acted willfully and with the knowledge and intent that their actions would cause confusion, deception and mistake, or in knowing or reckless disregard of Plaintiffs' prior rights and the confusion that their acts would likely cause.

## TENTH CLAIM FOR RELIEF

### Intentional Interference with Contractual Relations;

### By WMI against all Defendants)

116.   WMI incorporates by reference the averments in paragraphs 118 above as if set forth in full herein.

117.   At all pertinent times averred herein, WMI had contracts with GJT and SRT.

118.   Defendants knew of those contracts.

119.   Defendants' conduct prevented performance or made performance more expensive or difficult.

120.   Defendants intended to disrupt the performance of these contracts or knew that disruption of performance was certain or substantially certain to occur.

121.   WMI was harmed.

122.   Defendants' conduct was a substantial factor in causing WMI's harm.

## ELEVENTH CLAIM FOR RELIEF

### (Statutory Unfair Competition;

### By all Plaintiffs against all Defendants; Cal. Bus. & Prof. Code § 17200 *et seq.*)

123.   Plaintiffs incorporate by reference the averments in paragraphs 1 through 125 above as if set forth in full herein.

124.   Plaintiffs and Defendants are competitors.  Defendants' conduct constitutes an unfair and fraudulent business practice and unfair competition, under California Business and Professions Code § 17200 *et seq.*

125.   As a result of Defendants' unfair practices, Defendants have unfairly acquired or retained money, in an amount to be proven at trial.  Plaintiffs' are entitled to an order that Defendants disgorge all such unfairly acquired money.

126.   Defendants' unfair practices have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiffs, harm for which Plaintiffs have no adequate remedy at law.  For these reasons, Plaintiffs are entitled to preliminary and permanent

injunctive relief to prevent further acts of unfair competition.

## **PRAYER FOR RELIEF**

WHERFORE, Plaintiffs respectfully pray:

1.      That this Court grant injunctive relief under 15 U.S.C. § 1116, enjoining and restraining Defendants and their agents, servants and employees from (a) importing, counterfeiting, or directly or indirectly using the SAILING BOAT BRAND Marks, the DOUBLE SWALLOW BRAND Marks, the Five Big Emperor's Brand Marks, the CHAO CHING Trade Dress, or the KONG MOON Trade Dress, or any other mark, word, term, name, symbol, device, trade name, or any combination thereof, similar to Plaintiffs' trademarks or trade dress which is likely to cause confusion, mistake or to deceive, and (b) continuing any and all acts of trademark infringement, trade dress infringement, and unfair competition as alleged herein.

2.      That this Court, pursuant to 15 U.S.C. § 1118, order that all labels, packages, and advertisements in the possession of Defendants that bear the SAILING BOAT BRAND Marks, the DOUBLE SWALLOW BRAND Marks, the Five Big Emperor's Barns Marks, the CHAO CHING Trade Dress, or the KONG MOON Trade Dress, and all means of making the same, be delivered up and destroyed.

3.      That Defendants be required to account to Plaintiffs for any and all profits derived by Defendants from the sale of their goods and for all damages sustained by Plaintiffs by reason of Defendants' acts of infringement and unfair competition alleged herein.

4.      That this Court award Plaintiffs their actual damages in an amount to be proven at trial.

5.      That this Court award Plaintiffs treble the amount of actual damages suffered by Plaintiffs pursuant to 15 U.S.C. §§ 1117(a) and (b).

6.      That this Court award Plaintiffs, at their election, statutory damages for Defendants' use of counterfeit marks pursuant to § 15 U.S.C. 1117(c).

7.      That this Court award punitive and exemplary damages to Plaintiffs.

8.      That this is an exceptional case that and that Plaintiffs be awarded reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a).

9.      That this case involves Defendants' use of counterfeit marks and that Plaintiffs be awarded reasonable attorney's fees pursuant to 15 U.S.C. § 1117(b).

10.     That this Court order Defendants to disgorge all money acquired by them through acts of unfair competition pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.*

11.     That costs of this action be awarded to Plaintiffs;

12.     That this Court grant such other and further relief as the Court deems just and proper.

DATED:  January 30, 2020                KING CHENG MILLER & JIN LLP


By:  /s/ David P. King
David P. King
Attorneys for Plaintiffs
WM International, Inc. Guangdong Cereals &
Oils Jinshun Trading Corporation, Ltd. and
Shaoguan Risen Trading Corporation Ltd.

26

Complaint

## **DEMAND FOR JURY TRIAL**

Plaintiffs WM International, Inc., Guangdong Cereals & Oils Jinshun Trading Corporation, Ltd. and Shaoguan Risen Trading Corporation Ltd. demand a jury trial of all the issues so triable, as provided by Rule 38 of the Federal Rules of Civil Procedure.

DATED:  January 30, 2020          KING CHENG MILLER & JIN LLP


By:  /s/ David P. King
     David P. King
     Attorneys for Plaintiffs
     WM International, Inc. Guangdong Cereals &
     Oils Jinshun Trading Corporation, Ltd. and
     Shaoguan Risen Trading Corporation Ltd.

Complaint